

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TYRONE WILSON
Vs.                                          C.A. No.      2014 CA 002830 B
NATURAL PRODUCTS ASSOCAITION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge NEAL E KRAVITZ
Date:  May 7, 2014
Initial Conference: 9:30 am, Friday, August 22, 2014
Location:  Courtroom 219
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001



Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

TYRONE WILSON
_____
Plaintiff

14 - 0 0 0 2 8 3 0

vs.

Case Number _____

NATURAL PRODUCTS ASSOCIATION
SERVE: David Seckman
1220 19th Street, #400
Washington, DC 20036

Defendant

**SUMMONS**

To the above named Defendant: XXXXXXXXXXXXXXX

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Donald M. Temple, Esq.
_____
Name of Plaintiff's Attorney

1101 15th Street, N.W. #910
_____
Address
Washington, DC 20005

202-628-1101
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

TYRONE WILSON,
6607 Oak Drive
Alexandria, VA 22306

   Plaintiff,

  v.

NATURAL PRODUCTS ASSOCIATION,
1773 T Street, NW
Washington, D.C. 20009

Serve: DAVID SECKMAN,
   1220 19th Street, NW, Suite 400
   Washington, D.C. 20036

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **14 - 0 0 0 2 8 3 0**

RECEIVED
Clerk's Office
MAY 0 7 2014
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Tyrone Wilson ("Wilson"), by and through undersigned counsel, and respectfully files this complaint against the Defendant, Natural Products Association (the "NPA"), for promissory estoppel, negligent misrepresentation, and intentional infliction of emotional distress. Defendant's illegal actions have caused Plaintiff to suffer personal and professional injury, anxiety, stress and other emotional pain and suffering. Plaintiff asserts *respondeat superior* where appropriate.

### JURISDICTION AND VENUE

1. Jurisdiction for this matter lies with the Superior Court of the District of Columbia, pursuant to D.C. Code § 11-921. This Court maintains personal jurisdiction over Defendants under D.C. Code Ann. § 13-423(a).

1

2.      Venue is proper in the District of Columbia because Defendant conducts business through the operation and maintenance of a non-profit organization in this jurisdiction, and many of the acts on which this action is based occurred in the District of Columbia.

## PARTIES

3.      Plaintiff, Tyrone Wilson, is a natural person who resides at 6607 Oak Drive in Alexandria, Virginia.   Mr. Wilson presents an impeccable background by way of academic and professional accomplishment.   He earned a Ph.D. in Environmental Science and Public Policy, a Masters' degree in Food Science, and a Bachelors' degree in Biology.

4.      Defendant, NPA, maintains its headquarters in the District of Columbia and is a non-profit organization engaged in the business of representing the interests of manufacturers and retailers in the natural products industry, which includes organic and health foods, dietary supplements, natural ingredient cosmetics, and other similar products.

## FACTS COMMON TO ALL CLAIMS

5.      This action arises from Defendant's extension of an employment offer to Plaintiff, Plaintiff's acceptance of that offer and reliance thereupon, and Defendant's subsequent rescission of that offer prior to Plaintiff's employment start date.   As a result of Defendant's inexplicable actions, Plaintiff sustained economic and reputational damages.

6.      Prior to Plaintiff's acceptance of Defendant's offer of employment, Mr. Wilson was gainfully employed as the Director of Regulatory Affairs for the Portland Cement Association and, thereafter, the Senior Director of Government Affairs, where he earned a substantial annual income.

7.      Prior to March 11, 2014, NPA interviewed Mr. Wilson and vetted him for the position of Vice President of Scientific and Regulatory Affairs for the NPA.

2

8.      On March 11, 2014, Brent Weickert ("Weickert"), NPA's Senior Vice President and Chief Financial Officer, extended a written offer to Mr. Wilson for the position of Vice President of Scientific and Regulatory Affairs.

9.      Defendant's offer letter definitively stated: "This letter is to confirm our offer to you for the position of Vice President of Scientific and Regulatory Affairs for the Natural Products Associations. As agreed, your employment with Natural Products Association will begin on or about March 24, 2014. Your annual salary will be $140,000.00, paid in 24 equal semi-monthly installments."

10.     Additionally, Defendant's offer letter stated the specific benefits to which Mr. Wilson would be entitled, including, but not limited to, medical insurance coverage, dental insurance coverage, vision insurance coverage, group life insurance, long term disability and health and wellness coverage, as well as a 3% matching contribution to Plaintiff's 401K plan after the completion of 6 months of service.

11.     Mr. Wilson agreed to and accepted the terms of NPA's offer. As such, Plaintiff was assigned a start date which was initially set for March 24, 2014, but was shortly thereafter modified to March 31, 2014 to allow time for Mr. Wilson to conclude work assignments and appropriately prepare for his departure from the Portland Cement Association.

12.     Upon the reception of his new start date, Mr. Wilson prudently terminated his position with his employer of 7 years and began to take concrete transition steps to ready himself for the new set of duties and responsibilities associated with his new position at NPA.

13.     Between March 11th and March 28th, Mr. Wilson was included on NPA correspondence related to various subjects about which he needed to become familiar. Mr. Wilson also procured and studied certain briefing information from NPA staff in preparation for his new position.

14.     Further, at all times between March 11th and March 28th, NPA's Executive Committee was apprised of and effectively ratified the terms of Mr. Wilson's engagement.

15.     On March 28, 2014, 17 days after NPA extended its offer (and 3 days before Mr. Wilson was scheduled to report for duty) Mr. Weickert wrote an "official note" to Plaintiff. Therein, Mr. Weickert notified Mr. Wilson that NPA's offer of employment had been rescinded. Peculiarly, Mr. Weickert also apologized for NPA's decision, and added rather emphatically that Mr. Wilson was "NOT" to report for duty on Monday, March 31, 2014, as previously agreed. NPA provided Mr. Wilson with no further explanation as to the premature termination of his employment.

16.     By that date, however, Plaintiff had detrimentally relied upon Defendant's representations, having terminated his previous employment, completed his exit interview with the Portland Cement Association, and dutifully prepared to assume his new responsibilities.

## CAUSES OF ACTION

### Count I: Promissory/Equitable Estoppel

17.     Paragraphs 1 through 16 above are hereby incorporated as though each of the factual allegations was restated.

18.     On March 11, 2014, Defendant made certain representations regarding an employment offer to Plaintiff, upon which Plaintiff reasonably relied to his significant personal, professional and financial detriment.

19.     Based thereupon, Defendant has caused Plaintiff substantial financial and professional harm, including the loss of his employment and salary, and upward career mobility, as well as significant benefits.

4

## Count II: Negligent Misrepresentation

20.     Paragraphs 1 through 19 above are hereby incorporated as though each of the factual allegations was restated.

21.     Plaintiff further asserts that Defendant negligently communicated false information, to wit, that he would begin employment on or around March 24, 2014 and then March 31, 2014.

22.     Defendant intended or should have recognized that Plaintiff would likely be imperiled by action taken in reliance upon NPA's misrepresentation and owed Plaintiff, as a prospective employee, a duty not to mislead or misinform him.

23.     Plaintiff reasonably relied upon the false information to his detriment and suffered significant financial, professional and emotional harm, including embarrassment, humiliation, frustration financial instability and loss of self-esteem.  Plaintiff further suffered significant inconvenience.

## Count III: Intentional Infliction of Emotional Distress

24.     Paragraphs 1 through 23 above are hereby incorporated as though each of the factual allegations was restated.

25.     After offering Plaintiff a high level position, Defendant intentionally and knowingly rescinded its offer, knowing that Plaintiff had resigned form his employment and expected to begin employment with NPA 3 days from the March 28, 2014 rescission date.

26.     Further, Defendant at no time explained to Plaintiff the reason for its actions, thereby treating Plaintiff as if his career choices and professional and financial well-being were insignificant and meaningless, despite Plaintiff's agreement to work for Defendant.

27.     Defendant, despite knowing that Plaintiff was now jobless as a result of its actions, has had no further communication with him.

28.     As such, Defendant's conduct was extreme and outrageous and intentionally and maliciously caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)     Compensatory damages in the exact amount to be determined at trial, but in no event less than $250,000.00;

(b)     Economic damages in the exact amount to be determined at trial, but in no event less than $150,000.00;

(c)     Punitive damages, if appropriate, in an exact amount to be determined at trial, but in no event less than $250,000.00;

(d)     Attorneys' fees and costs; and

(e)     Such further relief as this Court deems just and fair, including appropriate equitable and injunctive relief.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

**DATED:** May 7, 2014

Respectfully submitted,

Donald M. Temple [#408749]
1101 15th Street NW, Suite 910
Washington, D.C. 20005
(202) 628-1101 Telephone
(202) 628-1149 Facsimile
dtemplelaw@gmail.com
*Attorney for Plaintiff*

6

**IN THE SUPERIOR COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

TYRONE WILSON,     )
            )
   Plaintiff,     )
            )
   v.        )   Case No. 14-0002830
            )
NATURAL PRODUCTS ASSOCIATION, )
            )
   Defendant.    )
_____)

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT NATURAL PRODUCTS ASSOCIATION**

Comes now Plaintiff, Tyrone Wilson, by and through the undersigned counsel, and propounds its First Set of Interrogatories and Requests for Production of Documents to Defendant Natural Products Association (the "NPA") pursuant to Superior Court Rules of Civil Procedure 33 and 34.

**GENERAL GUIDELINES**

The Interrogatories and Document Requests are directed to the party or parties identified above. Each party so identified is directed to answer each Interrogatory and Document Request separately, and under oath. Your answers must include knowledge or information in the possession of your agents, representatives and attorneys. Where information provided is not within your personal knowledge, your response may indicate that the information is being provided upon information and belief. A copy of your answers to these interrogatories and any documents or items requested must be served on the attorney for the plaintiff within thirty (30) days after service hereof.

1

## INTERROGATORY INSTRUCTIONS AND DEFINITIONS

1.    These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

2.    The term "person" includes individuals, corporations and other entities.  Where the name or identity of a person is requested, please state the full name, home address, business address and telephone number.  When an answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

3.    Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the incident mentioned or complained of in the pleading.

4.    If you cannot answer fully after conducting a reasonable investigation, please so state and answer to the extent that you can, stating what information you do have and the efforts you made to obtain the further information.

5.    Where knowledge or information is requested from you, the request seeks as well the knowledge of your agents, representatives, and unless privileged, your attorneys.

6.    The term "you" or "your" refers to the parties to whom these Interrogatories are addressed and persons mentioned in paragraph (5).

7.    Where information provided in response to an Interrogatory is not within your personal knowledge, your response should indicate that the information is being provided upon information and belief.

8.     As used herein, the term "documents" or "records" includes all types of recorded information, including, but not limited to, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

9.     "Identify" shall mean:

A.     Where defendant is asked to identify a document, defendant shall specifically designate: the type of document (e.g., letter, inter-office memorandum, report, etc.); the date of the document, if any; the date on which the document came into defendant's possession, if different from the date appearing on the document itself; the name or names of the signer or signers of the document; the name or names, if any, of the person or persons to whom the document is addressed; the title of heading of the documents and its approximate number of pages; a brief summary of the subject matter of the document; and the present whereabouts of the document, the identity of the custodian thereof, and the identity of persons to whom copies were sent.

B.     Where defendant is asked to identify a person, "identify" shall mean: defendant shall furnish information sufficient to enable plaintiff to identify the person, e.g., his name, his present (or last known) home and business address, his present position, and relevant former positions he has held.

C.     Where defendant is asked to identify a communication or contact, "identify" shall mean: defendant shall indicate whether it was oral or written, if it was written (or if the oral communication or contact was recorded in any manner),

3

identify the medium of recording and if the communication or contact was oral, identify the person(s) who sent, received, or had knowledge of it.

10.     Whenever in the following Interrogatories a request to "list" or "identify" documents appears, defendant may, if he wishes, produce for inspection and copying by defendant's counsel true and correct copies of such document; and such production of copies together with a list of the documents produced will be accepted as compliance with such request.

11.     Should defendant consider privileged any documents concerning which information or inspection is requested by any of the following interrogatories, defendant shall identify such documents in the manner indicated in Paragraph 9 above and, in addition to supplying the above noted information concerning such documents, shall indicate that they claim privilege therefore and shall briefly state the grounds on which such claim of privilege rests, in order that plaintiff may have the factual basis to determine whether such documents are in fact privileged.

12.     "Incident" shall mean the incident that is the subject of the plaintiff's Complaint, from which the plaintiff alleges injury.

13.     To the extent that defendant elects to produce any documents in response to the Interrogatories, the plaintiff requests that all documents and items requested by produced at the offices of the plaintiff's attorney, Donald M. Temple, 1101 15th Street, N.W., Suite 910, Washington, D.C. 20005, on the 30th day after the service of these Requests.

4

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify all persons providing information used in the preparation of the Answers to Interrogatories, Requests for Production of Documents and Requests for Admission, listing with respect to each such person the number of each request with respect to which he or she helped to prepare Answers or otherwise constituted a source of information.

**INTERROGATORY NO. 2**:

Identify all persons who have knowledge of the facts relevant to plaintiff's claims or your defense(s) in this action and the nature, extent and basis for their knowledge.

**INTERROGATORY NO. 3**:

Identify all persons involved in the decision to employ plaintiff and the person that replaced him, whoever that is.

**INTERROGATORY NO. 4**:

Identify the individual who was hired in lieu of plaintiff, the date on which the decision to hire that individual was made, and all persons involved in that decision.

**INTERROGATORY NO. 5**:

Describe in detail the circumstances and events surrounding your decision not to hire Plaintiff, including but not limited to:

A.      What person(s) made the decision to rescind your employment offer to Plaintiff;

B.      The date(s) on which the decision to rescind your employment offer to Plaintiff was made; and

C.      The reasons for decision to rescind your employment offer to Plaintiff.

**INTERROGATORY NO. 6:**

Describe in detail the circumstances and events surrounding your decision to terminate former NPA CEO John Shaw ("Shaw").

**INTERROGATORY NO. 7:**

Identify all documents related to your decision to employ plaintiff and/or to rescind the employment offer, including all electronic documents, letters, facsimiles, memoranda or some other form or communication.

## DOCUMENT REQUEST INSTRUCTIONS AND DEFINITIONS

1.      The definitions set forth in the plaintiff's First Set of Interrogatories to Defendant Natural Products Association served simultaneously herewith, are incorporated herein by reference.

2.      In producing documents and items, defendant shall furnish all documents and items in its possession, custody or control, regardless of whether such documents and items are possessed currently by defendant, its agents, employees, representatives, attorneys, or investigators.  If the requested documents are not within the possession, custody, or control of the defendant, identify all persons who are likely to have possession, custody, or control of the documents.

3.      Defendant is required to respond to each request separately and completely in accordance with the Superior Court Rules of Civil Procedure.  The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for any failure to respond to each request as fully as possible based on the

knowledge that the defendant currently has.  The absence of any document from the documents produced in response to a request shall be interpreted as a representation that such document is not known to the defendant, her agents, counsel or other representatives at the time of production.

4.      Each request for production of documents and items shall be deemed to be continuing so as to require prompt supplemental answers in accordance with the applicable Superior Court local rules.  Additionally, where a request seeks information "to the present" such request shall be construed to be an open-ended request requiring the provision of supplemental production of documents and items generated, gathered, or received after the date of defendant's initial production of documents and items.

5.      All documents and items shall be either produced in the usual course of business or organized and labeled to correspond with the numbered categories of the requests.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the documents in addition to the document itself.

6.      Documents and items shall be produced in such a fashion as to identify whose in possession of such documents and where items were located, where applicable, the natural person in whose possession they were found and the business address of the custodian(s) of each document and item.

7.      If the defendant maintains that any of these requested documents are protected from disclosure on the grounds of attorney-client privilege, work product doctrine, or other privilege, doctrine or immunity, defendant should provide the plaintiff with a

7

privilege log listing all such allegedly privileged communications including a general description of the subject matter of the communication, the date of the document, the identity of the sender of the document, the receiver(s) of the document, and the basis of the assertion of the privilege.

8.      Each request for a document shall be construed to include all preliminary or draft versions of that document.  In the event that a copy of any document sought by a request is not identical to any other copy thereof by reason of marginal notations or otherwise, each such non-identical copy is deemed to be a separate document and is to be produced hereunder.

9.      If any document or item within the scope of a request is not produced either because it has been destroyed or because it is no longer in defendant's custody or control, identify (a) the number of the request for production to which it would have been responsive; (b) its author(s); (c) all addresses and intended and unintended recipients, including recipients of blind copies; (d) its date; (e) its subject matter; (f) its current location; (g) the reason that it was not produced; and (h) the date and circumstances of its loss, destruction or release from custody.

10.     The fact that a document is produced by or in the possession of another party does not relieve the defendant of the obligation to produce her copy of the document, even if the two documents are identical.

11.     The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine or neuter shall include each of the other genders as necessary to make each request inclusive rather than exclusive.  The words

"and" and "or" shall be constructed conjunctively or disjunctively as necessary to make each request inclusive rather than exclusive.

12.     If the defendant objects to any particular portion of any request, state with specificity the grounds for the objection and produce all documents and items responsive to any other portion of such request as to which there is no objection.

13.     Notwithstanding any definition below, each word, term, or phrase used in this Request for Documents is intended to have the broadest meaning permitted under the Superior Court Rules of Civil Procedure.

14.     Communication:  The term "communication" means the transmittal of information by any means.  The terms "communicate" or "communicated" means the act of engaging in a "communication."

15.     Concerning:  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

16.     Document:  The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in D.C. Superior Court Rule of Civil Procedure 34 and include(s) the term "writing".  Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of D.C. Superior Court Rule of Civil Procedure 26(c), electronic mail is included within the definition of the term "document."  A draft or non-identical copy is a separate document within the meaning of the term "document."

17.     Statement:  The terms "statement" or "statements" are defined to be synonymous in meaning and equal in scope to the usage of the term "statement" in D.C. Superior Court Rule of Civil 26(b)(3).

18.     You/Your:  The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

19.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all," "any" means "any and all."  "Including" means "including but not limited to."  "Any" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents identified or referred to in responding to any of plaintiff's interrogatories.

### DOCUMENT REQUEST NO. 2:

All documents related in any manner to the decision to employ plaintiff and/or to rescind that employment offer.

### DOCUMENT REQUEST NO. 3:

All communications, whether electronic, letters, facsimiles, memoranda or some other form or communication, to or from plaintiff related to the decision to employ him and/or the decision rescind your employment offer.

**DOCUMENT REQUEST NO. 4:**

All communications, whether electronic, letters, facsimiles, memoranda or some other form or communication, to or from former NPA CEO John Shaw ("Shaw") related to any investigation of Shaw and the decision to terminate him.

**DOCUMENT REQUEST NO. 5:**

All board minutes or executive committee board minutes, related to the decision to employ plaintiff and/or to rescind that employment offer.

**DOCUMENT REQUEST NO. 5:**

All policies and procedures related to hiring and termination practices at NPA.

**DATE:** June 17, 2014

Respectfully submitted,

_____/s/_____
Donald M. Temple [#408749]
1101 15th Street, N.W., Suite 910
Washington, D.C. 20005
(202) 628-1101  Telephone
(202) 628-1149  Facsimile
dtemplelaw@gmail.com
*Attorney for Plaintiff*

11

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing Interrogatories and

Requests for Production of Documents was delivered by personal service on this 17th day

of June, 2014, to the following:

Natural Products Association
Care of:  David Seckman
1220 19th Street, N.W., Suite 400
Washington, D.C. 20036

_____/s/_____
Donald M. Temple, Esq.

12

## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

TYRONE WILSON,               )
                                  )
           Plaintiff,          )
                                  )
       v.                      )         Case No. 14-0002830
                                  )
NATURAL PRODUCTS ASSOCIATION,   )
                                  )
           Defendant.      )
                                  )

### CERTIFICATE OF DISCOVERY

I hereby certify that on this 17th day of June, 2014, I served on Defendant's designated representative, David Seckman, Plaintiff's First Set of Interrogatories and Requests for Production of Documents.  I will retain the original of these documents in my possession, without alteration, until this case is concluded in this Court, and the time for noting an appeal has expired and any appeal noted has been decided.

Respectfully submitted,

_____/s/_____
Donald M. Temple [#408749]
1101 15th Street, N.W., Suite 910
Washington, D.C. 20005
(202) 628-1101  Telephone
(202) 628-1149  Facsimile
dtemplelaw@gmail.com
*Attorney for Plaintiff*

13